Prince **HEYWARD** et al., Plaintiffs,

v.

**PUBLIC HOUSING ADMINISTRATION**
et al.,

and

**Savannah Housing Authority** et al.,
Defendants.

Civ. No. 753.

United States District Court
S. D. Georgia,
Savannah Division.

July 9, 1957.

See also 135 F.Supp. 217.

Constance Baker Motley, Attorney at Law, New York City, A. T. Walden, Walden & D'Antignac, Atlanta, Ga., Frank D. Reeves, Washington, D. C., for plaintiff.

Donald B. MacGuineas, Chief General Litigation Section, Department of Justice, Washington, D. C., William C. Calhoun, U. S. Dist. Atty., Augusta, Ga., for defendant Public Housing Administration.

Shelby Myrick, Sr., Myrick, Myrick & Richardson, Savannah, Ga., George Heyward, Savannah, Ga., for defendant Savannah Housing Authority.

SCARLETT, District Judge.

The above stated case having come on to be heard without a jury, by the consent of all parties, the Court makes the following findings of fact and conclusions of law.

Findings of Fact

1. This action was originally brought by eighteen individuals, on behalf of themselves and others similarly situated, in which they allege in substance; that Public Housing Administration and Savannah Housing Authority, pursuant to the provisions of the Housing Act of 1937, as amended, 42 U.S.C.A. § 1401 et seq., have constructed and agreed to construct, operate and maintain several public housing projects in the City of Savannah, some of which are and will be located on the site of the residences of former residences of the plaintiffs; that pursuant to the provisions of the National Defense Housing Acts, Public Housing Administration holds title to certain other public housing projects in Savannah which are operated by Savannah Housing Authority as Agent for Public Housing Administration; and that the entire public housing program in Savannah has been jointly planned, constructed, operated and maintained by Public Housing Administration and Savannah Housing Authority pursuant to the provisions of the aforementioned housing acts and the laws of the State of Georgia. In this connection plaintiffs allege that in ad-

ministering the entire public housing program Public Housing Administration and Savannah Housing Authority have determined upon and presently enforce an administrative policy of racial segregation resulting in the designation of certain projects for occupancy by qualified white families and in the designation of other projects for occupancy by qualified Negro families; that it is the practice and policy of each of the defendants to require applicants for public housing to state a preference for admission to a particular project and "that this information is put on the application blank prepared for the purpose of taking applications for public housing and that such information is in fact and effect a device for discriminating against the plaintiffs and the members of the class which they represent, solely because of their race or color;" and that pursuant to the racial segregation policy, plaintiffs and others similarly situated, solely because they are Negroes, are denied the rights and preference to occupy housing projects, included those operated by Savannah Housing Authority as agent for Public Housing Administration, which have been limited to white occupancy by the defendants. It is also alleged that each of the plaintiffs has been or will be displaced from the site of his or her residence, and adjacent areas which have been condemned by or on behalf of Savannah Housing Authority, for the purpose of constructing thereon certain low-rent housing projects, one of which is known as Fred Wessels Homes; that each of the plaintiffs meets all of the requirements established by law for consideration for admission and for admission to the project built on or to be built on the site of his or her former residence, and to certain other public housing projects in Savannah; all of which have been displaced from the site of any low-rent housing project or slum-clearing project initiated after January 1, 1947, and whose housing needs are not or were not as urgent as those of the plaintiffs, have been admitted to Fred Wessels Homes and to other projects limited to white occupancy, whereas each of the plaintiffs desires to live in Fred Wessels Homes, and each has been denied admission to Fred Wessels Homes, solely because of race and color, despite the fact that at the time said project was ready for occupancy, each of the plaintiffs had a preference for admission by virtue of the fact that each was or is among those having the greatest urgency of need among low-income families eligible for public housing in Savannah.

Finally, it is alleged that each of the defendants is under a duty to discharge his or its duties in conformity with the Constitution, laws and public policy of the United States, and that plaintiffs have no adequate remedy at law to protect their "civil and constitutional right not to be discriminated against by the State and Federal Governments, solely because of race, in leasing an interest in real property." The relief prayed is that the Court declare the rights and other legal relations of the parties as to the subject-matter in controversy, and that the Court enjoin defendants and their agents: (1) from refusing to accept plaintiffs' applications for certain public housing projects; (2) from refusing to certify plaintiffs as eligible for certain housing projects; (3) from refusing to admit plaintiffs to any public housing unit for which they are eligible, solely because plaintiffs are Negroes; (4) from pursuing a policy of racial segregation in public housing; (5) from refusing to extend the statutory preferences for the admission of plaintiffs to certain projects; (6) from classifying plaintiffs and others similarly situated on the basis of race for any purpose with respect to their applications for or admissions to, or residence in, any public housing project; (7) from requiring plaintiffs to state a preference for admission to a particular project upon making application for admission to any public housing project; and (8) from segregating plaintiffs within any project to which they are admitted. Additional injunctive relief is prayed to enjoin Public Housing Administration from giving federal financial and

other federal assistance to Savannah Housing Authority for the construction, operation or maintenance of any project which excludes plaintiffs and other Negroes similarly situated, solely because of race or color. Finally, plaintiffs pray that each of them be awarded damages in the amount of $5,000 against each and all of the defendants, and that the Court grant such other and additional relief as may appear to be equitable and just. The defendants by their answers denied all the material allegations of the plaintiffs' petition.

At the opening of the trial, this action was voluntarily dismissed by all of the plaintiffs except plaintiff Queen Cohen.

2. Fred Wessels Homes was constructed and is owned and operated by defendant Housing Authority of Savannah, a municipal corporation organized under the Housing Authorities Law of Georgia (99 Georgia Code Ann. 1101 et seq.). This project was completed and ready for occupancy in 1954. It is one of six such low-rent housing projects constructed, owned and operated by the Housing Authority of Savannah. That authority is preparing to build another such project and is planning construction of still another low-rent housing project. In addition, the Housing Authority of Savannah owns and operates as low-rent housing projects two projects which were constructed by defendant Public Housing Administration, an agency in the Executive Branch of the Federal Government, pursuant to the so-called "Lanham Act" (42 U.S.C.A. §§ 1521–1524), which authorized housing projects for persons engaged in national defense activities. The two Lanham Act projects have been conveyed by Public Housing Administration to the Housing Authority of Savannah for a consideration which amounts to the net income of those two projects for a forty-year period.

3. The period of time which elapsed from the displacement of persons formerly residing on the site of Fred Wessels Homes until the completion of that project and its readiness for occupancy was approximately two years. When the former occupants of the site were displaced, the Housing Authority of Savannah established an office on the site for the purpose of assisting such persons in obtaining other adequate housing accommodations and made dwelling units in other low-rent housing projects available to such persons. All displaced site occupants who applied to the Housing Authority of Savannah for such assistance and who were eligible to receive it were provided with other housing accommodations.

4. The sole remaining plaintiff in the above stated suit, Queen Cohen, was not displaced from the site of Fred Wessels Homes as she never resided on the property where the project was constructed. She had occupied dwelling quarters across the street from the site and therefore she did not have a statutory preference as a result of the provisions of Title 42 U.S.C.A. § 1410(g), and she has not proved her right to occupy a dwelling unit in Fred Wessels Homes according to the provisions to Title 42 U.S.C.A. § 1415(8) (c).

5. The Court also finds that the plaintiff, Queen Cohen, never made an application for admission in the Fred Wessels Homes or any other public housing project in Savannah.

The above findings of fact require a judgment in favor of the defendant, Public Housing Administration and its officers, and Savannah Housing Authority, and its officers, as the evidence conclusively shows that the plaintiff, Queen Cohen, has failed to carry the burden of proof as required by law in that she has failed to prove by the preponderance of evidence that she ever made an application for admission in the Fred Wessels Homes. The proper parties who received these applications swore plaintiff never made an application, and the plaintiff herself was vague as to whom she made such application. See Transcript of Evidence pages 88 and 90.

The undisputed testimony of both plaintiff and defendants shows that she was not entitled to a statutory preference

under Title 42 U.S.C.A. § 1410(g), as alleged in the complaint.

In view of the plaintiff Queen Cohen's failure to make out her case for the reasons hereinabove set forth, it will not be necessary at this time for the Court to rule on the other issues raised, or the other relief requested in the complaint.

### Conclusions of Law

1. Plaintiff has failed to prove that she made an application for admission in the Fred Wessels Homes, or any other public housing project.

2. Plaintiff has failed to prove that either Savannah Housing Authority, and its Officers, or Public Housing Administration and its Officers have refused plaintiff any preferential right of occupancy under the Housing Act, or that as a matter of law she was entitled to a statutory preference.

An appropriate order will be entered dismissing plaintiff's action against Public Housing Administration and its Officers, and Savannah Housing Authority and its Officers.